UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM YANCEY,

        Plaintiff,

  -against-

ELMHURST 3 INC. d/b/a THE VILLAGE TAVERN
and TALLULAH LLC,

        Defendants.

Case No. 15CV4423

**COMPLAINT**

Plaintiff, KIM YANCEY (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues defendants ELMHURST 3 INC. d/b/a THE VILLAGE TAVERN (the "Bar") and TALLULAH LLC (the "Landlord") (the Bar and the Landlord being hereinafter collectively designated as the "Defendants") and alleges, upon information and belief:

## INTRODUCTION

1. This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law (the "Executive Law") § 296, New York State Civil Rights Law, § 40, and the Administrative Code of the City New York (the "Administrative Code"), § 8-107.

2. Plaintiff brings these claims for violation of her civil rights against the Defendants as the result of their failure to provide for a means by which people in wheelchairs may be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii) and for the failure to remove architectural barriers, in violation of 42 USC § 12182(2)(A)(iv).

4.      This action seeks, *inter alia*, to make the Defendants' property accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

7.      At all times relevant to this action, Plaintiff has been and remains currently a resident of the State and City of New York.

8.      At all times relevant to this action, Plaintiff suffers from a degenerative bone disease, necessitating the use of a wheelchair for mobility.

9.      The Bar owns and operates a public facility primarily engaged in the sale of alcoholic beverages, open to the general public, at the premises known and designated as 46 Bedford Street Street, New York, New York 10029 (the "Property"). The Landlord is the owner of the Property.

## FACTS

10.     The Bar is a public accommodation within the meaning of the ADA, 42 U.S.C. § 12181(7) (B) as it is a restaurant, bar, or other establishment serving food or drink.

11. There are numerous architectural barriers that have prevented or restricted access to the Bar by the Plaintiff. It is readily achievable for Defendants to remove these barriers to accessibility of its services, features, elements, and spaces for the Plaintiff, as specified by the regulations promulgated under the ADA.

12. Architectural barriers to access which have existed, and /or continue to exist, at the Bar include, but are not limited to, the following (with reference to the stated sections of the 2010 ADA Standards for Accessible Design, hereinafter, the " Standards"):

There is no handicap accessible entrance which violates Standards 206.2.1

The step at the entrance creates an inaccessible route, violating 2010 Standards 206.4 and 206.1,

The step at the entrance violates Standard 303.4 which requires that rises over ½ inch, within an accessible route, to be ramped.

The maneuvering clearance of a wheel chair bound patron would be obstructed by the step present at the entrance, which violates Standards 404.2.4

The step at the entrance does not have any handrails in violation of Standards 210.1 and 505.10.

The Bar does not have wheelchair seating locations that are accessible to, and usable by, individuals with disabilities, including individuals who use wheelchairs, that are located so that they are dispersed throughout the seating areas (Standards 206.2.5, 226.1, 902.1-3).

13. All of the foregoing violations were reviewed with Plaintiff prior to the filing of this Complaint.

14. There are readily achievable alternatives to barrier removal that Defendants could have undertaken and must undertake in order to make the goods, services and facilities offered at the Bar accessible to individuals with disabilities. 42 U.S.C. § 12182(b)(2)(A)(v); 28 C.F.R. §§ 36.305 and 36.308.

15. The Defendants have afforded, and continue to afford, wheelchair bound patrons who wish to enjoy the Bar's services opportunities which are unequal to that afforded to others, by discriminating on the basis of a disability. 42 U.S.C. §§ 12182(b)(l)(A)(ii) and 12182(b)(l)(D)(i); 28 C.F.R. §§ 36.202(b) and 36.204.

16. Plaintiff last attempted to access the Bar on May 2, 2015 and, due to the step at the entrance, she was unable to enter.

17. Plaintiff lives the area where the Bar is located and she has been waiting for a very long time to be able to enjoy a drink at the bar.

18. Plaintiff will continue to visit the Bar and will attempt to enter if the barriers to her enjoyment of the facilities have been removed.

## CLAIMS FOR RELIEF

### CLAIM I

READILY ACHIEVABLE BARRIER REMOVAL

19. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 12. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(iii), (iv) and 28 C.F.R. § 36.304.

### CLAIM II

READILY ACHIEVABLE ALTERNATIVES TO BARRIER REMOVAL

20. In the alternative, if it is not readily achievable to remove all of the barriers to access set forth in paragraph 12, Defendants must provide readily achievable alternatives to barrier removal as required by 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

21. By failing to undertake alternatives to barrier removal to the extent it is readily

achievable to do so, Defendants have violated Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

## CLAIM III

### FAILURE TO COMPLY WITH THE EXECUTIVE LAW

22. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 12. By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Executive Law § 296(2)(c)(iii).

23. In the alternative, the Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

## CLAIM IV

### FAILURE TO COMPLY WITH THE ADMINISTRATIVE CODE

24. The Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of Administrative Code of the City of New York, § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

25. It is readily achievable for Defendants to remove the architectural barriers to access identified in paragraph 12. . By failing to remove barriers to access to the extent it is readily achievable to do so, Defendants have violated Administrative Code § 8-107(4).

## CLAIM V

### VIOLATION OF NEW YORK STATE CIVIL RIGHTS LAWS

26. The Defendants have discriminated against plaintiff pursuant to New York State Executive Law.

27. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

28.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A.      Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation

B.      Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including but not limited to the violations set forth above;

C.      Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E.      Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law§§ 40-c and 40-d;

F.      Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.      Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

6

H.  Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: May 19, 2015

_____
Donald J. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages, plus pre-judgment interest, as a result of the Defendants' violations of the New York State Executive Law and the Administrative Code of the City of New York;

E. Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F. Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G. Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H. Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: June 8, 2015

Donald J. Weiss, Esq. (7619)
Rosengarten & Weiss
Attorneys for Plaintiff
363 Seventh Avenue
New York, New York 10001
(212) 533-2606